**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

**MARVIN A. HARLAN and
CAROL G. HARLAN**                                                                                            **PLAINTIFFS**

**V.**                                           **CASE NO. 5:14-CV-05287**

**BANK OF AMERICA, N.A.; THE
BANK OF NEW YORK MELLON f/k/a
THE BANK OF NEW YORK, AS TRUSTEE
FOR THE CERTIFICATE HOLDERS CWALT,
INC., ALTERNATIVE LOAN TRUST
2006-30T1, MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2006-30T1; and
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.**                                                                                              **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Currently before the Court are Separate Defendants Bank of America, N.A.'s ("BANA") and Mortgage Electronic Registration Systems, Inc.'s ("MERS") Motion to Dismiss (Doc. 9) and brief in support (Doc. 10), and Plaintiffs Marvin A. Harlan's and Carol G. Harlan's ("the Harlans") Response in Opposition (Doc. 23).[1]  Also before the Court are the Harlans' Motion to Remand (Doc. 14), the Harlans' Second Motion to Remand (Doc. 21), and Defendants' Responses in Opposition (Docs. 17 and 24).  For the reasons stated below, the Harlans' Motion to Remand (Doc. 14) is **DENIED**; and the Harlans' Second Motion to Remand (Doc. 21) is **DENIED AS MOOT**; Defendants' Motion to Dismiss (Doc.

---

[1]The Harlans were granted an extension until October 27, 2014 to file a response to Defendants' Motion to Dismiss; however, the Harlans did not file their Response until October 29, 2014.  Although the Harlans' Response is untimely, the Court considered it in this Order.

9) is **GRANTED**; and Plaintiffs' Motion to Drop Party Defendants (Doc. 22) is **DENIED AS MOOT**.

## I. BACKGROUND

The Harlans originally filed this lawsuit in Washington County Circuit Court on August 7, 2014, seeking a declaratory judgment as to their title to property located at 1621 N. Starr Drive in Washington County, Arkansas ("Property"). The Harlans contend that because MERS does not have the authority to transfer or assign their Note or Mortgage, no named Defendant has a legal or equitable interest in the Property.[2] On September 12, 2014, Defendants removed the action to this Court, asserting diversity-of-citizenship jurisdiction, as the parties are diverse and the value of the Property exceeds $75,000. In turn, the Harlans argue that because they do not specify an amount in controversy within their Complaint, the minimum amount in controversy has not been met.

On or about September 1, 2006, the Harlans executed a note ("Note") in favor of America's Wholesale Lender ("AWL") in the amount of $675,900.00. To secure payment of the Note, the Harlans executed a mortgage ("Mortgage"), also dated September 1, 2006, on the Property in favor of AWL, as Lender, and MERS, solely as nominee for the Lender and the Lender's successors and assigns. Subsequently, MERS assigned the Note to The Bank of New York Mellon, as Trustee For the Certificate Holders CWALT, Inc., Alternative Loan Trust 2006-30T1 Pass-Through Certificates, Series 2006-30T1 ("BONY"). BONY

---

[2]Residential Credit Solutions, Inc. ("RCS") is not named as a Defendant in the style of the case and was not served a copy of the Complaint; therefore allegations against it will not be addressed in this Order.

was named as the investor and BANA as the servicer of the Mortgage.  Servicing rights for the Note transferred to Residential Credit Solutions, Inc. on January 16, 2014.

BANA previously filed a foreclosure action in Washington County Circuit Court against the Harlans regarding the Note on July 20, 2012 in case number 12-CV-001757-4. The foreclosure sale occurred on December 19, 2012; however, the foreclosure sale was rescinded as a result of the Harlans' redemption of the Property.

The Harlans seek to quiet title to the Property, requesting that the Court find that no named Defendant has legal authority to claim a security interest in the Property, and therefore the Harlans should acquire the Property "free and clear of the efforts of the Defendants." (Doc. 3, p. 5).  The Harlans assert that the assignment to BONY on February 16, 2011 is void and of no legal effect because MERS does not have authority to make assignments without being first nominated by a licensed mortgage broker.  Further, the Harlans contend that BONY and BANA failed to provide a notice of assignment as required by Ark. Code Ann. § 4-71-207, and assert that none of the Defendants are holders in due course ("HIDC").  The Harlans also maintain a cause of action for slander of title due to their claim that Defendants "intentionally manufactured a scheme to defraud homeowners on a nationalized level . . . [by claiming] 'holder' status of mortgage loans when the Defendants had actual knowledge that they had no such status, doing so through perjured documents." (Doc. 3, p.9).

BANA and MERS seek dismissal from suit due to the Harlans' failure to state actionable claims for declaratory relief or slander of title, contending that: (1) Defendants no longer have an interest in the Property; (2) allegations regarding HIDC status should be dismissed as non-dispositive of the issue of a lender's right to enforce the Note and its

attendant security interest; (3) even if MERS had no legal authority to make assignments, this does not erase the underlying debt; and (4) the Harlans' allegations do not support a cause of action for slander of title based on malicious publication of a false matter.

## II. DISCUSSION

### A. The Harlans' Motion to Remand

The Harlans object to Defendants' removal of this action to federal court, arguing that a specific dollar amount must be apparent in the Complaint in order to meet the minimum amount in controversy necessary for diversity jurisdiction.

An action filed in state court may be removed to federal court only if it originally could have been brought in federal court. Under the diversity-of-citizenship jurisdiction granted to federal courts, a civil action between citizens of different states with over $75,000 in controversy may be brought in federal district court. The Eighth Circuit has held that in a suit for declaratory or injunctive relief, the amount in controversy is the value to the plaintiff of the right that is at issue. *Usery v. Anadarko Petroleum Corp.*, 606 F.3d 1017, 1018-19 (8th Cir. 2010) (citing *Federated Mut. Implement & Hardware Ins. Co. v. Steinheider*, 268 F.2d 734, 737-38 (8th Cir. 1959); *Advance Am. Servicing of Ark., Inc. v. McGinnis,* 526 F.3d 1170. 1173-74 (8th Cir. 2008)). This is sometimes referred to as the "plaintiff's viewpoint rule." *Id.* The question is not how a plaintiff subjectively values a right but rather the actual value of the object of the suit. *Id.* In a quiet title action, therefore, "a district court must determine what the property interest at issue is worth in the marketplace." *Id.* (internal citations omitted).

4

In this case, the Harlans took out a Note for $675,900.00, which is sufficient to meet the amount in controversy. Therefore, this action is properly before the Court, and the Harlans' Motion to Remand (Doc. 14) is **DENIED**.

### B. MERS and BANA's Motion to Dismiss

In ruling on a motion to dismiss, the Court "accepts as true all of the factual allegations contained in the complaint" and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). All reasonable inferences from the complaint must be drawn in favor of the plaintiff. *Crumpley–Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). Nevertheless, the complaint must include facts sufficient to show that the plaintiff is entitled to relief. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations and alterations omitted). Where the facts presented in the complaint do not permit the court to infer more than the mere possibility of misconduct, the complaint has not shown "that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

When considering a motion to dismiss, the Court ordinarily does not consider matters outside the pleadings. *See* Fed. R. Civ. P. 12(d). The Court may, however, consider exhibits attached to the complaint and documents that are necessarily embraced

by the pleadings, *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003), and may also consider public records, *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007).

### 1. Quiet Title

The Harlans seek to quiet title to the Property, alleging that the assignment of the Mortgage from MERS to BONY or any other Defendant is invalid based on the key allegation that MERS lacked authority to transfer the Mortgage and Note because it was neither a party to the original mortgage contract nor named on the Note. MERS and BANA seek dismissal of the Complaint against them, arguing that while MERS had authority to assign the Mortgage, this point is moot as they no longer have an interest in the Property since both the Note and Mortgage have been transferred to BONY.

The Mortgage grants MERS the authority to assign the Mortgage, stating that it "grants and conveys to MERS (solely as nominee for the Lender and Lender's successors and assigns) and to the successors and assigns of MERS, the . . . property. . . ." (Doc. 10-1, p. 9). District courts in this circuit have found that MERS, as an agent of the lender, has the authority to transfer both a note and mortgage to an assignee pursuant to a security agreement. *See Coley v. Accredited Home Lenders, Inc.*, 2011 WL 1193072 (E.D. Ark. March 29, 2011) (rejecting the plaintiffs' argument that MERS was not authorized to transfer or assign the mortgage from the lender named in the security agreement to the defendant pursuing the foreclosure); *Cravens v. New Century Mortg. Co.*, 2011 WL 5085299, at *2 (E.D. Ark. Oct. 26, 2011) (finding that MERS effectively transferred the note and mortgage to the bank); *Peace v. Mortg. Elec. Registration Sys., Inc.*, 2010 WL 2384263, at *2-3 (E.D. Ark. June 11, 2010) (rejecting the argument that the assignment of

the note by MERS has no legal effect because MERS is not on the note and not an agent for the note holder); *Thompson v. Bank of N.Y. Mellon Trust Co.*, 2014 WL 1884527, at *4 (E.D. Ark. March 12, 2014) (finding MERS had authority to assign the mortgage, and therefore BONY held both the mortgage and the note and could foreclose on the property). The Court is persuaded by these holdings, and therefore finds that the Harlans have no standing to challenge the relationship between MERS and any Defendant.

The evidence before the Court is undisputed that BONY holds both the Note and the Mortgage. (*See* Doc. 3-3). The Harlans' argument that the Mortgage and the Note are somehow void because they were previously held by different entities at different times has been rejected by various courts, including the Eighth Circuit. *See Butler v. Bank of Am.*, 690 F.3d 959, 962 (8th Cir. 2012) (rejecting the mortgagors "flawed theory the mortgage and foreclosure of that mortgage are invalid because . . . the entity holding the mortgage . . . does not also hold the note."); *Nicholson v. OneWest Bank*, 2010 WL 2732325, *4 (N.D. Ga. Apr. 20, 2010) (finding the bank was lawfully entitled to foreclose even though the security deed, but not the mortgage, was initially transferred to MERS, but the bank subsequently retained possession of both instruments); *Perlas v. Mortg. Elec. Registration Sys., Inc.*, 2010 WL 3079262, at *1 (N.D. Cal. Aug. 6, 2010) (rejecting plaintiffs' argument that MERS was not entitled to foreclose on their property because it did not hold the mortgage, where the deed clearly provided that MERS was acting as nominee for the lender such that it was lender's agent); *King v. Am. Mortg. Network, Inc.*, 2010 WL 3516475, at *3 (D. Utah Sept. 2, 2010) (finding as "simply not plausible" the argument that

Chase and MERS lack authority to begin foreclosure of the property because the note and deed have been split).

The Court finds that contrary to the Harlans' conclusory allegations, the exhibits attached to the Complaint indicate that MERS, as agent for AWL, effectively transferred the Note and Mortgage to BONY.  MERS and BANA further state they no longer claim a security interest in the Property, and therefore the Property is not subject to any foreclosure actions by MERS or BANA.

### 2. Holders-in-Due-Course Status

The Harlans argue that no Defendant has HIDC status based upon Ark. Code Ann. § 4-3-302.  Assuming arguendo that MERS and BANA lacked HIDC status, the only practical consequence would be that they are subject to any claims or defenses that the Harlans might have against AWL. *See Richardson v. Griner*, 668 S.W.2d 523, 525 (Ark.1984) ("In view of the fact that appellant had notice that payments on the note were overdue at the time he took the note, he was not a holder in due course. Therefore, the note was subject to the defenses . . . against [the immediate predecessor]").  AWL is not a party to this lawsuit, and even if Defendants are not HIDC, Defendants' status does not nullify the lien on the Property and give the Harlans outright ownership in fee simple.

### 3. Slander of Title

The Harlans assert that Defendants slandered title to their Property because Defendants did not comply with the requirements set forth by the Truth in Lending Act at 15 U.S.C. §1641(f)(2), and that Defendants devised fraudulent documents claiming ownership of mortgage loans with the intent to commit theft of property.  This cause of

action fails because the Harlans must establish two essential elements of this tort: (1) special damages and (2) malice.

"Slander of title is an action based on malicious publication of a false matter that disparages the title to property." *Evans v. JP Morgan Chase Bank, N.A.*, 2014 WL 359226, at *6 (W.D. Ark. Feb. 3, 2014) (citing *Fleming v. Cox Law Firm*, 363 Ark. 17, 20 (2005)). In an action for slander of title, the plaintiff must show that the defendant acted with malice in making a slanderous statement regarding the title of another's property and the defendant's defamatory statement resulted in special damage to the plaintiff. *See Hardy v. Bartmess*, 696 F. Supp. 2d 1008, 1015 (E.D. Ark. 2010) (citing *Sinclair Refining Co. v. Jones*, 188 Ark. 1075 (1934)). Accordingly, to bring a claim for slander of title under Arkansas law, the Harlans must establish that: (1) Defendants' statements resulted in special damages; and (2) Defendants acted with malice. In this case, the Harlans have not stated any facts to support a claim for special damages, but make conclusory allegations that they suffered "specific damages" without further details. (Doc. 3, p. 9).

Because the Harlans failed to allege special damages, a requisite element for a slander-of-title claim, the Court need not determine whether Defendants acted with malice. Accordingly, the Harlans' slander-of-title claim fails, and must be dismissed as to all Defendants.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that the Harlans' Motion to Remand (Doc. 14) is **DENIED**, and therefore their Second Motion to Remand (Doc. 21) is **DENIED AS MOOT**.

9

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (Doc. 9) is **GRANTED**. Separate Defendants Bank of America, N.A. and Mortgage Electronic Registration Systems, Inc. are **DISMISSED WITH PREJUDICE** as to the Harlans' declaratory action regarding quiet title. The slander of title claims are **DISMISSED WITHOUT PREJUDICE** as to all Defendants for failure to state a claim. All further pleadings filed herein shall reflect the dismissal of the parties as stated. The claims against Separate Defendant Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificate Holders CWALT, INC., Alternative Loan Trust 2006-30T1, Mortgage Pass-Through Certificates, Series 2006-30T1 have not been dismissed by this Order.

**IT IS FURTHER ORDERED** that because the Harlans' Motion to Drop Party Defendants(Doc. 22) is nullified by their Response to Defendant's Motion to Dismiss, it is **DENIED AS MOOT**.

**IT IS SO ORDERED** this 18th day of December, 2014.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE