IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MARVIN A. HARLAN and
CAROL G. HARLAN                                    PLAINTIFFS/COUNTER-DEFENDANTS

V.                              CASE NO. 5:14-CV-05287

THE BANK OF NEW YORK MELLON f/k/a
THE BANK OF NEW YORK, AS TRUSTEE
FOR THE CERTIFICATE HOLDERS CWALT,
INC., ALTERNATIVE LOAN TRUST
2006-30T1, MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2006-30T1            DEFENDANT/COUNTER-PLAINTIFF

## OPINION AND ORDER

Currently before the Court are Defendant/Counter-Plaintiff The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificate Holders CWALT, Inc., Alternative Loan Trust 2006-30T1, Mortgage Pass-Through Certificates, Series 2006-30T1's ("BONY") Motion for Summary Judgment (Doc. 61) and supporting documents (Docs. 62 and 63), Plaintiffs/Counter-Defendants Marvin A. Harlan and Carol G. Harlan ("the Harlans") Response in Opposition (Doc. 64), and BONY's Reply (Doc. 67). For the reasons stated below, BONY's Motion for Summary Judgment (Doc. 61) is **GRANTED**.

### I. BACKGROUND

The Harlans originally filed a lawsuit in Washington County Circuit Court on August 7, 2014, seeking a declaratory judgment as to property located at 1621 N. Starr Drive in Washington County, Arkansas ("Property"). On September 12, 2014, BONY removed that action to this Court, asserting diversity-of-citizenship jurisdiction. The Harlans contended that because Mortgage Electronic Registration, Inc. ("MERS") does not have the authority

to transfer or assign their note or mortgage, BONY did not have a legal or equitable interest in the Property. The Court rejected the Harlans' claims and granted BONY judgment on the pleadings. *See* Doc. 47. Now, the only claim remaining for adjudication is BONY's counterclaim requesting judicial foreclosure of the Property and the entry of final judgment.

BONY maintains that the Harlans have failed to make a payment on the note and mortgage since October 1, 2013. BONY informed the Harlans by letter dated February 11, 2014, that they were in default under the terms of the note and mortgage and advised them that the balance on the note would be accelerated if all arrearages were not paid. *See* Doc. 61-1, p. 4. The Harlans did not cure the default. According to BONY, as of July 27, 2015, the principal balance of the note was $614,708.75, plus interest accrued through August 27, 2015 in the amount of $84,011.10, plus a per diem rate of $115.78, plus late charges of $4,440.00, plus outstanding fees of $837.00, plus an escrow shortage of $9,257.48. The grand total of arrearages is $713,254.33. *See id.*

In response, the Harlans restate the arguments they made in opposition to BONY's Motion for Judgment on the Pleadings, namely, that BONY is not the true owner and holder of the note and mortgage, and "BONY cannot legally pursue foreclosure as the Harlan Mortgage is null and void" since "MERS never had possession of the note that secures the mortgage and never had authority to assign the note that secures the mortgage." (Doc. 64, pp. 6, 9).

## II. LEGAL STANDARD

The standard of review for summary judgment is well established. Under Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant

2

shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Court must review the facts in the light most favorable to the opposing party and give that party the benefit of any inferences that logically can be drawn from those facts. *Canada v. Union Elec. Co.*, 135 F.3d 1211, 1212–13 (8th Cir. 1997). The moving party bears the burden of proving the absence of a genuine dispute of material fact and that it is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Nat'l. Bank of Commerce of El Dorado, Ark. v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir. 1999). Once the moving party has met its burden, the non-moving party must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(c)). In order for there to be a genuine issue of material fact, the non-moving party must produce evidence "such that a reasonable jury could return a verdict for the nonmoving party." *Allison v. Flexway Trucking, Inc.*, 28 F.3d 64, 66 (8th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "The nonmoving party must do more than rely on allegations or denials in the pleadings, and the court should grant summary judgment if any essential element of the prima facie case is not supported by specific facts sufficient to raise a genuine issue for trial." *Register v. Honeywell Fed. Mfg. & Techs., LLC*, 397 F.3d 1130, 1136 (8th Cir. 2005) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).

### III. DISCUSSION

The Court has already concluded that BONY is the current holder of the note and mortgage and is entitled to enforce their terms. BONY's mortgage is a properly perfected,

first priority mortgage lien on the Property, superior to the interests of any other party. Any interest claimed by the Harlans is subordinate and inferior to the rights of BONY, and therefore, the Harlans are barred from asserting a claim against the Property. The Harlans failed since October 1, 2013 to make timely monthly payments owed under the note and mortgage. A notice of default and intention to accelerate was provided to the Harlans, and they failed to cure the default. The full unpaid balance of the note is now due and owing, in the principal amount of $614,708.75, plus interest, late charges, title expenses, insurance, and taxes.

After reviewing the briefing and exhibits associated with this Motion, the Court concludes that no genuine, material fact is in dispute. The Harlans have failed to meet proof with proof by stating any reason why summary judgment should not enter. They have responded to BONY's Motion by regurgitating legal arguments the Court rejected in its prior Order granting BONY judgment on the pleadings. In short, the Harlans have maintained throughout this litigation that, through legal sleight-of-hand, they are somehow entitled to live in a 6,000 square-foot family home in Fayetteville without paying a dime on their note and properly perfected mortgage. The last mortgage payment the Harlans made was nearly two years ago. As a matter of law, BONY is entitled to summary judgment on its Counterclaim for judicial foreclosure.

### IV. CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that Defendant/Counter-Plaintiff The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificate Holders CWALT, Inc., Alternative Loan Trust 2006-30T1, Mortgage Pass-Through

Certificates, Series 2006-30T1's Motion for Summary Judgment (Doc. 61) is **GRANTED**. All other pending motions are **DENIED AS MOOT**. Judgment will enter contemporaneously with this Order.

**IT IS SO ORDERED** this 2nd day of September, 2015.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE