IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MARVIN A. HARLAN and
CAROL G. HARLAN                                PLAINTIFFS/COUNTER-DEFENDANTS

V.                         CASE NO. 5:14-CV-05287

THE BANK OF NEW YORK MELLON f/k/a
THE BANK OF NEW YORK, AS TRUSTEE
FOR THE CERTIFICATE HOLDERS CWALT,
INC., ALTERNATIVE LOAN TRUST
2006-30T1, MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2006-30T1                 DEFENDANT/COUNTER-PLAINTIFF

## ORDER

The Court hereby makes a finding *sua sponte* that good cause has been shown to withdraw the reference of Plaintiff/Counter-Defendant Marvin A. Harlan's bankruptcy case (Case No. 5:16-BR-71531) from the bankruptcy court, pursuant to 28 U.S.C. § 157(d).

A brief procedural history of this case clarifies the basis for the Court's finding above. On September 2, 2015, the Court entered a Judgment and Decree of Foreclosure (Doc. 69) as to Plaintiff/Counter-Defendants Marvin A. and Carol G. Harlan's real property located at 1621 N. Starr Drive in Fayetteville, Arkansas. Thereafter, in an Order entered on October 16, 2015 (Doc. 83), the Court denied the Harlans' Motion to Cancel or Postpone the Sale Date of the Property Pending Appeal unless they agreed to post a supersedeas bond in the amount of $160,000.00. The Harlans failed to post the bond, and notice of the sale of the property proceeded. The sale was scheduled to take place on October 30, 2015. On the day before the sale, however, Mr. Harlan filed an Emergency

1

Notice of Bankruptcy (Doc. 85), and the sale was stayed pursuant to 11 U.S.C. § 362(a). Mr. Harlan's then proceeded to file numerous requests for extensions of time in the bankruptcy court and ultimately failed to submit the appropriate schedules and required information to support his case (Case No. 5:15-BR-72755). His bankruptcy case was dismissed on December 30, 2015, and the foreclosure process began once again.

The second foreclosure sale of the Harlans' property was scheduled to take place on March 3, 2016. *See* Doc. 87. This time, on the eve of the sale, March 2, 2016, Mrs. Harlan filed a bankruptcy petition (Case No. 5:16-BR-70518). This Court held a hearing on the morning of the sale and determined that the sale should be halted due to the automatic stay occasioned by Mrs. Harlan's filing of her first bankruptcy petition. Not surprisingly, Mrs. Harlan, like her husband, failed to submit the required schedules to support her bankruptcy case, and it was promptly dismissed for that reason on March 11, 2015—only after the foreclosure sale had been delayed.

For the third time the Harlans' property was noticed for a foreclosure sale to commence on June 28, 2016. The Court received Mr. Harlan's second Emergency Notice of Filing Bankruptcy (Doc. 102) the night before the sale, and set the matter for a Show Cause hearing.

The Court concludes that the Harlans have individually filed bankruptcy petitions multiple times, in bad faith, solely for the purpose of halting the foreclosure sale of their property. They have done so each time on the eve of the sale. Accordingly, **IT IS ORDERED THAT CAUSE IS SHOWN TO WITHDRAW CASE NUMBER 5:16-BK-71531 FROM THE BANKRUPTCY COURT**.

2

**IT IS SO ORDERED** on this 28th day of June, 2016.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE