IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MARVIN A. HARLAN and
CAROL G. HARLAN                                    PLAINTIFFS/COUNTER-DEFENDANTS

V.                          CASE NO. 5:14-CV-05287

THE BANK OF NEW YORK MELLON f/k/a
THE BANK OF NEW YORK, AS TRUSTEE
FOR THE CERTIFICATE HOLDERS CWALT,
INC., ALTERNATIVE LOAN TRUST
2006-30T1, MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2006-30T1                    DEFENDANT/COUNTER-PLAINTIFF

### ORDER

Towards the close of business yesterday, June 27, 2016, the Court received notice that Plaintiff/Counter-Defendant Marvin A. Harlan had filed an individual petition for bankruptcy. The Court that same evening entered a text-only Order, setting a show cause hearing for today at 9:00 a.m. in order to determine whether Defendant/Counter-Plaintiff The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificate Holders CWALT, Inc., Alternative Loan Trust 2006-30T1, Mortgage Pass-Through Certificates, Series 2006-30T1 ("BONY") was entitled to relief from the automatic stay triggered by 11 U.S.C. § 362(a). Earlier today, the Court withdrew the reference of Mr. Harlan's bankruptcy case (Case No. 5:16-BK-71531) from the bankruptcy court, pursuant to 28 U.S.C. § 157(d). See Doc. 104.

During the show cause hearing, the Court heard oral argument and testimony from

the parties,[1] and BONY's counsel made an oral motion pursuant to 11 U.S.C. § 362(d)(1), arguing that BONY should be granted relief from the automatic stay provided under § 362(a), due to the Harlans' bad faith and abuse of process in filing successive bankruptcy petitions for the sole purpose of delaying the foreclosure sale of their property.

According to 11 U.S.C. § 105(a), the Court "may issue any order . . . that is necessary or appropriate to carry out the provisions of this title. No provision of this title . . . shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate . . . to prevent an abuse of process." Here, the Court finds that to prevent an abuse of process, an order should issue under 11 U.S.C. § 362(d)(1), granting BONY relief from the automatic stay that would ordinarily result from the filing of Mr. Harlan's newest bankruptcy petition.

Although the Court entered its Judgment and Decree of Foreclosure as to the subject property on September 2, 2015, the Harlans have succeeded in delaying the sale on multiple occasions. First, on October 6, 2015, the Harlans moved to cancel or postpone the sale pending appeal. The Court denied the Harlans' Motion (Doc. 78) on October 16,

---

[1] Plaintiff/Counter-Defendant Carol G. Harlan was not in attendance at the show cause hearing, but Plaintiff/Counter-Defendant Marvin A. Harlan appeared in person and proceeded *pro se,* as he has done throughout this lawsuit. Mr. Harlan advised the Court that Mrs. Harlan was at work and unable to answer the phone, but that he had attempted to contact her to advise her of the hearing. Ms. Judy Simmons Henry, the attorney for Defendant/Counter-Plaintiff, was also in attendance at the hearing. Under the circumstances, the Court makes a finding that notice of the show cause hearing complied with the requirements of 11 U.S.C. § 362(d). 11 U.S.C. § 102(1)(A) provides that the term "after notice and a hearing" in § 362(d) means "after such notice as is appropriate in the particular circumstances." In this case, the Court considered it necessary to set an immediate show cause hearing for today—the date of the foreclosure sale—because deciding whether the sale of the property would proceed as scheduled or be stayed yet again due to a last-minute bankruptcy filing by Mr. Harlan was of vital concern to all parties.

2016, with the caveat that if the Harlans agreed to post a supersedeas bond in the amount of $160,000.00, the Court would reconsider its Order. No bond was posted, however, and the foreclosure sale was scheduled to take place on October 30, 2015. The day before the sale, Mr. Harlan filed an individual bankruptcy petition (Case No. 5:15-BK-72755), and the sale was automatically stayed pursuant to 11 U.S.C. § 362(a). The bankruptcy court dismissed Mr. Harlan's petition on December 30, 2015, due to his failure to submit the appropriate documentation to support his case, and the foreclosure sale was reset to March 3, 2016. Once again, on the day before the sale, another bankruptcy petition was filed, this time by Mrs. Harlan individually (Case No. 5:16-BK-70518). The sale was stayed a second time. Just as in Mr. Harlan's case, the bankruptcy court summarily dismissed Mrs. Harlan's petition on March 11, 2016, finding that she, too, failed to support her bare-bones filing with appropriate documentation. Finally, a third foreclosure sale was set for today, and, not surprisingly, Mr. Harlan filed his second individual petition for bankruptcy (Case No. 16-BK-71531) yesterday evening, intending to provoke yet another stay of the proceedings in this case.

Under 11 U.S.C. § 362(c)(4)(A), "if a single or joint case is filed by or against a debtor who is an individual under this title, and if two or more single or joint cases of the debtor were pending within the previous year but were dismissed, the stay under subsection (a) shall not go into effect upon the filing of the later case." Although Mr. and Mrs. Harlan each filed a bankruptcy case that was dismissed in the past year, and Mr. Harlan filed a second bankruptcy case in that same period of time, it does not appear that § 362(c)(4)(A) provides the Court with authority to lift the automatic stay. This is true because Mr. and Mrs. Harlan filed their successive bankruptcy petitions individually, rather

than jointly, even though they jointly owned the real property at issue. Upon questioning by the Court as to this point during the show cause hearing, Mr. Harlan was unable to explain why he and his wife decided to file their bankruptcy petitions individually, rather than jointly, and the Court can only surmise that they did so in order to maximize delay in these foreclosure proceedings.

Turning to a different provision of the bankruptcy code, the Court observes that under 11 U.S.C. § 362(d)(1), a party in interest may obtain relief from the automatic stay "after notice and a hearing" and "for cause, including the lack of adequate protection of an interest in property of such party in interest . . . ." The testimony of Mr. Harlan at the show cause hearing provides ample cause for BONY's oral request for relief from the automatic stay. In particular, Mr. Harlan's testimony confirms that he and his wife filed multiple individual bankruptcy petitions, each on the eve of the scheduled foreclosure sale of their property, for the purpose of delaying the judicial sale, and not for the purpose of restructuring their assets through the bankruptcy process. This fact is evident from the timing of each of their three bankruptcy petitions, as well as the fact that they failed to support each petition with documentation. Indeed, the bankruptcy court dismissed each of Mr. and Mrs. Harlan's first bankruptcy petitions because the couple ignored the court's orders to supplement their skeletal filings with required schedules and plans for reorganization. Mr. Harlan's bankruptcy petition filed yesterday is also skeletal, which tends to support the Court's conclusion that none of the Harlans' attempts to file for bankruptcy have been legitimate.

Mr. Harlan argued during the show cause hearing that he filed yesterday's bankruptcy petition in good faith because he believed he had been offered a valid loan

modification proposal by a loan servicer named Ditech, and he thought that perhaps the loan modification, if approved, would allow him to save his property from foreclosure. However, upon questioning by the Court, Mr. Harlan was unable to explain how it was legally possible for him to obtain a valid loan modification, given the fact that the note and mortgage on his real property had already been incorporated into a Judgment and Decree of Foreclosure. Further, Mr. Harlan was unable to explain how Ditech's offer of a loan modification related to his decision to file for bankruptcy the day before the scheduled foreclosure sale. In fact, Mr. Harlan admitted in open court that he received a letter from Ditech on June 17, 2016—ten days before he filed for bankruptcy—advising him that the offer of a loan modification had been withdrawn because it had come to Ditech's attention that the property securing the loan was set for a foreclosure sale.

Therefore, for the reasons stated above, as well as the reasons stated from the bench during the show cause hearing, **IT IS ORDERED** that the automatic stay of proceedings in this matter, as triggered by Mr. Harlan's bankruptcy filing, is hereby **LIFTED**, and BONY's oral Motion for Relief from the automatic stay is **GRANTED** for good cause shown, pursuant to 11 U.S.C. § 362(d)(1).

**IT IS FURTHER ORDERED** that the 14-day stay contemplated by Federal Rule of Bankruptcy Procedure 4001(a)(3)—which would otherwise take effect after the filing of this Order—is **WAIVED** and will not take effect.

**IT IS FURTHER ORDERED** that the foreclosure sale of the property at 1621 N. Starr Drive in Fayetteville, Arkansas, will take place today following the show cause hearing.

**IT IS SO ORDERED** on this 28th day of June, 2016.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE